# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GLADIS ESTRADA, et al.,

                          Plaintiff(s),

      v.

CITY OF RENO,

                          Defendant.

3:20-CV-0579-MMD-CLB

**ORDER**

And related cases:

CLEOUS:  3:20-CV-0585-MMD-CLB

NOVAK:   3:20-CV-0586-MMD-CLB

SIMINOE:  3:20-CV-0595-MMD-CLB

BERNS:  3:20-CV-0649-MMD-CLB

BUSHY:  3:20-CV-0650-MMD-CLB

LOFFER:  3:20-CV-0711-MMD-CLB

DEKKER:  3:20-CV-0712-MMD-CLB

NAUMAN:  3:20-CV-0713-MMD-CLB

SCHUTTE: 3:20-CV-0714-MMD-CLB

SPENCER: 3:20-CV-0715-MMD-CLB

LLAMAS-AGUILAR: 3:21-CV-0011-MMD-CLB

CONLIN:  3:21-CV-0012-MMD-CLB

DONOHUE:  3:21-CV-0014-MMD-CLB

DUTCHER:  3:21-CV-0015-MMD-CLB

ASSEM. OF GOD:  3:21-CV-0016-MMD-CLB

NEVAREZ:  3:21-CV-0017-MMD-CLB

PEARSON:  3:21-CV-0021-MMD-CLB

ROSS:  3:21-CV-0022-MMD-CLB

LONG:  3:21-CV-0023-MMD-CLB

LAUNER:  3:21-CV-0026-MMD-CLB

POOL:  3:21-CV-0029-MMD-CLB

HUGHETT:  3:21-CV-0036-MMD-CLB

SOTELO:  3:21-CV-0037-MMD-CLB

BERRY:  3:21-CV-0038-MMD-CLB

HALL:  3:21-CV-0040-MMD-CLB

The lawsuits identified in Attachment "1" are pending before this court and have been assigned to the Honorable Miranda M. Du and the undersigned Magistrate Judge. Each case arises from the flooding of Swan Lake, located in Lemmon Valley, Reno, Nevada in 2017. In each case, individual homeowners allege federal claims arising from the flood in relation to their homes and property. Although each lawsuit involves separate homeowners and individual pieces of real property, there are significant overlapping factual and legal issues in each case.

Pursuant to Fed. R. Civ. P. 42(a), where actions before the court involve "a common question of law or fact" the court may consolidate the actions, in whole or in part. This rule affords courts "broad discretion" to consolidate cases pending in the same district either on a motion by a party or *sua sponte*. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In deciding whether consolidation is appropriate, the Court considers a number of factors including "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *First Mercury Ins. Co. v. SQI, Inc.*, 2014 WL 496685, at *2 (W.D. Wash. Feb. 6, 2014) (citing 8 Moore's Federal Practice–Civil § 42.10[4–5]).

Based on the foregoing, the court ORDERS the following:

1.      <u>Pretrial Consolidation</u>. Having considered the above factors, this Court concludes that consolidation of the cases identified in Attachment "1" is appropriate for the

purpose of discovery and pretrial matters that involve the same legal and factual issues in each case. [1]  Therefore, for those issues involved in each case that involve the same facts and/or legal issues as all other cases, those matters will be consolidated under one master case number and name. This order, however, does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure. Finally, the court does not consolidate these matters for any issues that are unique or individual to each piece of real property or the individual homeowners.

2.    <u>Master Docket and Case Caption</u>.  The court orders the clerk to open and maintain a master docket and case file under the style "IN RE: 2017 LEMMON VALLEY FLOOD," master file number **3:21-cv-00093-MMD-CLB** to be used for all filings for the master case related to the Lemmon Valley Flood Consolidated Issues. All orders, pleadings, motions and other documents will, when filed and docketed in the master file, be deemed filed and docketed in each other case. Finally, all orders, pleadings, motions, and other documents shall use the following caption:

---

[1]      This consolidation does not include *King v. City of Reno*, 3:21-cv-00024-MMD-WGC, which involves additional defendant, Washoe County. Washoe County filed a motion to sever from the consolidated matters, which has not been ruled on. Therefore, nothing in this order alters or amends any due dates or obligations related to the King case that are currently pending.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

IN RE: 2017 LEMMON VALLEY FLOOD

This document relates to:

["All Actions"]

**<u>or</u>**

[if the document relates to less than all of the consolidated cases, specify by title and case number of the individual applicable case(s) the document is related to]

Case No. 3:21-cv-00093-MMD-CLB

[Title of Document]

When a document filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This document pertains to:". When a document pertains to only some, but not all, of the actions, the document shall list, immediately after the phrase, "This document relates to:", the title and case number for each individual action to which the document applies.

3.    <u>Later Filed Cases</u>. The terms of this order related to the consolidation for purposes of discovery and pretrial matters in cases that involve claims related to the 2017 Lemmon Valley Flood shall only to the cases identified by this order and will only apply to subsequently filed cases involving the same facts and circumstances upon entry of a separate order by the court specifically consolidating those action(s) with the Master Docket and Case Caption.

4.   <u>Motions to Dismiss</u>. Currently pending in all, but one, of the consolidated cases listed in Attachment "1" are motions to dismiss filed by the defendants.

Based on the representations of counsel at the April 23, 2021 hearing, the motions to dismiss are not identical as to all consolidated cases. Specifically, in a subset of the cases, the defendants assert arguments specific to certain plaintiffs' who were not identified class members in the underlying state court class action. As such, there are legal issues in the motions to dismiss that are applicable to all of the consolidated cases. However, there are separate arguments related only to a sub-set of the consolidated cases involving plaintiffs who were not members of the underlying class action.

Based on these representations, the court denies each of the motions to dismiss without prejudice and orders the defendants to refile the motions to dismiss under the Master Docket and Case Caption as follows. Specifically, the court orders the defendants leave to file 2 master motions to dismiss in the Master Docket and Case Caption as follows: (1) one motion to dismiss asserting legal arguments applicable to all the consolidated cases; and (2) one motion to dismiss asserting arguments specific to only those plaintiffs who were not members of the underlying class action. The briefing schedules for each motion are set as follows:

A.   <u>Motion to Dismiss Applicable to ALL Cases</u>:

Defendants are ordered to re-file one master motion to dismiss asserting legal arguments that are applicable to all cases within 14 days of the date of this order, and by no later than **March 9, 2021**.[2]  Plaintiffs must file one master opposition to that motion to dismiss within 30 days after the motion is filed.  Defendants must file their reply in support of that motion to dismiss 30 days after the opposition is filed.

---

[2]     The caption for this master motion to dismiss, must state as follows: "This document applies to: ALL CONSOLIDATED CASES".

B. <u>Motion to Dismiss re: Arguments Specific to Non-Class Member Plaintiffs</u>:

Defendants are ordered to re-file one additional motion to dismiss that addresses arguments specific to only the non-class member plaintiffs within 30 days of this order, and by no later than **March 25, 2021**.[3]  Plaintiffs must file one master opposition to that motion to dismiss within 30 days after the motion is filed.  Defendants must file their reply in support of that master motion to dismiss within 30 days after the opposition is filed.

5.      <u>Stay of Discovery</u>. Pursuant to the Court's Order dated February 22, 2021, discovery is currently stayed in all of the consolidated actions until the Case Management Conference scheduled for **April 30, 2021** to allow the parties time to explore possible settlement.

6.      <u>April 30, 2021 Case Management Conference</u>.  As previously ordered, a case management conference will be held for the purposes specified in Fed. R. Civ. P. 16 and will be subject to the sanctions prescribed in Rule 16(f). By no later than **April 8, 2021**, the parties are ordered to file a "joint case management" report that details: (1) the status of the outstanding cases; (2) the status settlement negotiations; and (3) proposed scheduling order and discovery plan deadlines for the court's consideration.

The court will issue an agenda approximately three (3) days prior to the conference which will include the above topics and may include additional topics related to discovery and case administration. Counsel are encouraged to advise the Court of any items that they request be included to the agenda by sending an email to the undersigned via her courtroom deputy, Lisa Mann, no later than one-week before the conference.[4]

**DATED**: February 23, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[3]      The caption for this master motion to dismiss, must state as follows: "This document applies to the following cases**:** [list each case name and number applicable]".

[4]      In preparation of the April Case Management Conference, the Court encourages counsel to review the Manual for Complex Litigation (Fourth Edition), which may provide helpful guidance and information on the discovery issues and pretrial matters that may arise in this case given its scope and complexity.

Attachment "1" – Case List

|   | Case Name | Case Number |
|---|-----------|-------------|
| 1 | Estrada v. City of Reno | 3:20-cv-579-MMD-CLB |
| 2 | Cleous v. City of Reno | 3:20-cv-585-MMD-CLB |
| 3 | Novak v. City of Reno | 3:20-cv-586-MMD-CLB |
| 4 | Siminoe v. City of Reno | 3:20-cv-595-MMD-CLB |
| 5 | BERNS v. City of Reno | 3:20-cv-649-MMD-CLB |
| 6 | Bushey v. City of Reno | 3:20-cv-650-MMD-CLB |
| 7 | Loffer v. City of Reno | 3:20-cv-711-MMD-CLB |
| 8 | Dekker v. City of Reno | 3:20-cv-712-MMD-CLB |
| 9 | Nauman v. City of Reno | 3:20-cv-713-MMD-CLB |
| 10 | Schutte v. City of Reno | 3:20-cv-714-MMD-CLB |
| 11 | Spencer v. City of Reno | 3:20-cv-715-MMD-CLB |
| 12 | Llamas-Aguilar v. City of Reno | 3:21-cv-11-MMD-CLB |
| 13 | Conlin v. City of Reno | 3:21-cv-12-MMD-CLB |
| 14 | Donohoe v. City of Reno | 3:21-cv-14-MMD-CLB |
| 15 | Dutcher v. City of Reno | 3:21-cv-15-MMD-CLB |

| 16 | New Life Assembly Church v. City of Reno | 3:21-cv-16-MMD-CLB |
|----|------------------------------------------|---------------------|
| 17 | Nevarez v. City of Reno | 3:21-cv-17-MMD-CLB |
| 18 | Pearson v. City of Reno | 3:21-cv-21-MMD-CLB |
| 19 | Ross v. City of Reno | 3:21-cv-22-MMD-CLB |
| 20 | Long v. City of Reno | 3:21-cv-23-MMD-CLB |
| 21 | Launer v. City of reno | 3:21-cv-26-MMD-CLB |
| 22 | Pool v. City of Reno | 3:21-cv-29-MMD-CLB |
| 23 | Hughett v. City of Reno | 3:21-cv-36-MMD-CLB |
| 24 | Sotelo v. City of Reno | 3:21-cv-37-MMD-CLB |
| 25 | Berry v. City of Reno | 3:21-cv-38-MMD-CLB |
| 26 | Hall v. City of Reno | 3:21-cv-40-MMD-CLB |